UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY ROCKIS and TONI ROCKIS,

    Plaintiffs,

v.                                      Case No:  2:21-cv-357-JLB-NPM

JEANNE SCHNEIDER, ERIC
SCHNEIDER, JOHN R. WOOD, INC., and
THOMAS GRIFFERTY,

    Defendants.

## ORDER

    This is a breach of contract action arising from the sale of residential property.  Plaintiffs Gary and Toni Rockis sought to purchase Defendants Jeanne and Eric Schneider's home.  The Schneiders retained the services of Defendant Thomas Grifferty, a real estate agent working for Defendant John R. Wood, Inc. (collectively, "JRW Defendants").  Defendants allegedly failed to disclose certain defects with the roof.  Plaintiffs and the Schneiders have filed cross-motions for summary judgment.  (Docs. 65, 74.)  But due to ostensibly untimely discovery from the JRW Defendants, Plaintiffs seek to supplement their already once-amended summary judgment motion.  (Doc. 104.)  They also request discovery sanctions against the JRW Defendants.  (Id.)  The JRW Defendants oppose such relief, arguing that any prejudice is a result of Plaintiffs' actions given that they twice moved for summary judgment well before the discovery or dispositive motions deadlines.  (Doc. 110.)  The Schneiders have not responded to Plaintiffs' request.

Given the procedural posture of this case, the Court finds it appropriate to deny the pending motions for summary judgment without prejudice to being refiled at or near the discovery or dispositive motions deadlines. Despite ample time, Plaintiffs' premature filings have resulted in a cluttered docket, needless motions practice, and frustrated the orderly disposition of the case. Still, summary judgment is inappropriate on a less than developed record, and it would be unfair to rule on the pending motions given that discovery is ongoing. It would likewise be unfair to allow Plaintiffs a third chance to rework their motion, after the benefit of the Schneiders' cross-motion and Defendants' responses in opposition, without providing the Schneiders a similar opportunity. Accordingly, Plaintiffs' motion to supplement (Doc. 104) is **GRANTED IN PART**.

## BACKGROUND

As noted, Plaintiffs sought to buy the Schneiders' home. (Doc. 1 at 1–5.) Defendants allegedly conspired to keep Plaintiffs from learning about defects with the home's roof. (Id. at 21–23.) The "concealed and non-disclosed condition of the roof . . . restricted the availability of insurance [and financing] on the home . . . and rendered the home to be worth substantially less than the purchase price." (Id. at 22.) Plaintiffs did not go through with the sale and now seek "damages in excess of $1 million," a portion of which includes a deposit already paid to the Schneiders. (See id. at 2.) The Schneiders, in turn, counterclaimed for breach of contract and argue that Plaintiffs "refused to close without any valid basis." (Doc. 17 at 18.)

On July 20, 2021, the Court entered its first Case Management and Scheduling Order ("CMSO").  (Doc. 31.)  That CMSO set a discovery deadline of July 27, 2022, and a dispositive motions deadline of September 27, 2022.  (Id. at 1–2.)  It also expressly stated that "[o]nly **one** motion for summary judgment may be filed by a party . . . absent leave of Court."  (Id. at 4 (emphasis in original).)  Even so, on December 16, 2021, about seven months before the discovery cutoff and nine months before dispositive motions were due, Plaintiffs filed their first Time-Sensitive Motion for Summary Judgment.  (Doc. 37.)  There, Plaintiffs represented that "[d]iscovery . . . is materially complete" and requested an expedited ruling by January 30, 2022.  (Id. at 2.)

Then, on January 13, 2022, the JRW Defendants sought and were granted leave to file a response to Plaintiffs' motion for summary judgment exceeding the Court's page limit.  (Doc. 59.)  About a week later, the day after the JRW Defendants filed that response, Plaintiffs moved to file an amended motion for summary judgment also exceeding the Court's page limit and the Court granted leave.  (Doc. 62.)  Before Plaintiffs filed that motion, the Schneiders filed their cross-motion for summary judgment on their counterclaim arguing that the Schneiders were entitled "to retain the full amount of the . . . deposit."  (Doc. 65 at 2.)  Plaintiffs filed their amended motion for summary judgment on February 14, 2022.  (Doc. 74.)  Defendants responded in opposition, and Plaintiffs filed replies in support of their amended motion on April 14, 2022.  (Docs. 92, 93, 97, 98.)

Roughly a month after Plaintiffs' "time-sensitive" motion was ripe, Plaintiffs filed a Motion to Supplement Plaintiff's [sic] Amended Motion for Summary Judgment. (Doc. 104.) There, Plaintiffs allege that the JRW Defendants failed to provide timely responses to Plaintiffs' July 6, 2021 request for production. (Id. at 2.) Specifically, although the JRW Defendants responded on August 5, they did not produce "certain critical documents and communications" about Defendants' knowledge of the roof's purportedly defective condition and prospective purchasers other than Plaintiffs. (Id. at 3–4.) On April 4, 2022, the JRW Defendants supplemented their original response and produced an email exchange between the JRW Defendants, other realtors, and prospective purchasers who decided not to purchase the home because of issues with its roof. (Id. at 6–7.) Noting this information was received "2.5 months after [Plaintiffs] filed their Amended Motion for Summary Judgment," and identifying a deposition of a non-party realtor that Plaintiffs attempted to schedule sometime in March 2022, Plaintiffs claim they were prejudiced in "asking deponents specific questions regarding this email." (Id. at 4–6.) Not only do Plaintiffs seek to file a new motion for summary judgment, but they also request sanctions under Federal Rules of Civil Procedure 16(f) and 37 in the form of expenses associated with their motion and, if necessary, a new round of depositions. (Id. at 9.)

Though the Schneiders have not responded, the JRW Defendants oppose Plaintiffs' motion because "[a]fter two bites at the apple enough is enough." (Doc. 110 at 3.) The JRW Defendants point out that "[r]ather than waiting for the close

of discovery to file their Motion for Summary Judgment, Plaintiffs elected to file it six months early knowing that additional information could be subsequently discovered." (Id. at 3.) In addition to arguing that the "evidence" is immaterial, the JRW Defendants also assert that their failure to produce "only eleven (redundant) pages" was a mere oversight and not sanctionable conduct. (Id. at 8.) Thus, they urge the Court to deny Plaintiffs' motion to amend "as it is a thinly-veiled attempt to re-draft their Motion for Summary Judgment for a third time." (Id. at 3.)

Finally, on August 8, 2022, the Court granted Plaintiffs' unopposed motion to modify the CMSO—necessitating an extension of pending pretrial deadlines—and entered a Second Amended CMSO. (Doc. 126.) As of this Order, the discovery deadline is November 10, 2022, and dispositive motions are due by December 16, 2022. (Id.)

## LEGAL STANDARD

It is well established that "[a] district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1242, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "Summary judgment should not . . . ordinarily be granted before discovery has been completed." Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co., 606 F.2d 602, 609 (5th Cir. 1979). It follows then that a court's inherent authority extends to the timeliness of filing motions for summary

judgment. See Wilson v. Farley, 203 F. App'x 239, 250 (11th Cir. 2006) (holding that district court did not abuse its discretion in ordering "the parties to refrain from filing a motion for summary judgment until the expiration of the discovery process" where delay in filing would cause no prejudice and order "appl[ied] . . . equally to both parties").

At the same time, the Federal Rules of Civil Procedure provide that a party "may file a motion for summary judgment <u>at any time until</u> 30 days after the close of all discovery," unless the Court orders otherwise. Fed. R. Civ. P. 56(b) (emphasis added). Even so:

> no federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment; rather, a successive Rule 56 motion may be filed only with the district court's authorization . . . . [and jurists have observed] the importance of not allowing parties to treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement—at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources—via a new Rule 56 motion later on to correct any deficiencies identified by opposing counsel or the court in processing the initial motion.

Essex Ins. Co. v. Foley, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011) (quotation omitted).

Additionally, Rules 16(f) and 37 allow the Court to impose sanctions on a party that does not comply with or frustrates the discovery process. For example, the Court "must order the party, its attorney, or both to pay the reasonable expenses . . . incurred because of any noncompliance" with a scheduling or pretrial order. Fed. R. Civ. P. 16(f)(2). Likewise, under Rule 37, the Court may sanction a

noncompliant party with the reasonable expenses incurred by another when a party fails to supplement their discovery responses as contemplated elsewhere in the Rules. Fed. R. Civ. P. 37(c)(1) (referencing Fed. R. Civ. P. 26(e)). The Eleventh Circuit "consistently [has] found Rule 37 sanctions . . . to be appropriate, however, only where the party's conduct amounts to flagrant disregard and willful disobedience <u>of discovery orders</u>." United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (quotation omitted, emphasis in original).

## DISCUSSION

At this juncture, the interests of fairness and efficiency require that the parties refile their motions for summary judgment, preferably after discovery has closed and around the dispositive motion deadline. The JRW Defendants are correct in that any prejudice Plaintiffs now claim to suffer is compounded by their rush in filing dispositive motions as much as it is by the JRW Defendants' conduct. Though Plaintiffs had more than half-a-year by which to complete discovery and file such a motion, Plaintiffs moved for summary judgment during the infancy of this case. Plaintiffs also requested an expedited ruling and represented discovery was all but complete.[1] Yet the procedural history outlined above, coupled with

---

[1] While sympathetic to Plaintiffs' financial concerns, the Court takes this opportunity to caution counsel against the unwarranted designation of a motion as an "emergency." Local Rule 3.01(e) states that the "unwarranted designation of a motion as an emergency can result in a sanction." Certain situations that the Court considers an emergency are, for example, when "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." Onward Healthcare, Inc. v. Runnels, No.

Plaintiffs' suggestion that they now depose Defendants once more, seriously contradicts both points. Similarly, rather than first seeking leave to file a motion for summary judgment that exceeded the Court's page limits, Plaintiffs sought that relief in the form of an amended motion. And they did not file that amended motion for summary judgment until <u>after</u> the Schneiders filed their cross-motion for summary judgment and the JRW Defendants had responded to Plaintiffs' original motion for summary judgment.

This piecemeal litigation has resulted in a tremendous depletion of both the parties and the Court's resources. For example, despite obtaining leave to file an amended motion, Plaintiffs filed replies to Defendants' responses aimed at the <u>original</u> motion for summary judgment. (Docs. 72, 73.) Defendants then rightly filed new responses aimed at Plaintiffs' amended motion to which Plaintiffs again replied. (Docs. 93, 94, 97, 98.) Not only does this waste Defendants' time and finances, but it also clutters the Court's docket with avoidable and moot filings. Now, Plaintiffs seek again to file another motion for summary judgment, to which

---

6:12-CV-508-ORL-37, 2012 WL 1259074, at *2 n.3 (M.D. Fla. Apr. 13, 2012). Plaintiffs explain that they are "senior citizens" who live in Florida "to avoid the dangers of cold and ice." (Doc. 37 at 1.) Given that "Defendants now retain [Plaintiffs'] large deposit . . . . [and] [g]iven Florida's rapidly escalating real estate market, [Plaintiffs] request[] expedited relief to allow them to live in the Florida home their health requires and not be priced out of the market." (Id. at 1–2.) Yet Plaintiffs' continuous requests for amendments and extensions leads to the inescapable conclusion that their request is not as time-sensitive as the emergencies contemplated above. Such conduct "disfavors other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency." Bravado Int'l Grp. Merch. Servs., Inc. v. Smith, No. 8:12-CV-613-T-23EAJ, 2012 WL 1155858, at *1 (M.D. Fla. Mar. 27, 2012).

Defendants will again have to respond, simply compounding the confusion as to which filings are meant to support which operative motions. Nor is there any guarantee that Plaintiffs' proposed amendment to their motion for summary judgment will be the end of the matter given that they contemplate taking a new round of depositions. If past filings are any indication, it is wholly plausible that a future motion to amend is around the corner.

At bottom, discovery is not due until November 10, 2022, and motions for summary judgment are not due until December 16. ([Doc. 126](#).) Summary judgment should be considered on a fully developed record, and it would thus be unfair to preclude Plaintiffs from utilizing a developed record due, in part, to the JRW Defendants' "(admittedly) delayed production." ([Doc. 110 at 10](#).) But it would be equally unfair to allow Plaintiffs this opportunity without giving the Schneiders the same chance. Though the Schneiders have not expressed much concern over Plaintiffs' request, their cross-motion appears mutually exclusive to the relief Plaintiffs seek. Thus, the Schneiders also should be allowed to file a subsequent motion for summary judgment but are free to refile their motion as is should they choose. Regardless of the parties' decision, the Court strongly urges them to fully complete discovery, request any extensions upfront, and carefully consider the posture of this case before filing their summary judgment motions. The Court is not inclined to give Plaintiffs unlimited opportunities at filing the "perfect" dispositive motion.

Finally, Plaintiffs' request for sanctions is due to be denied at this time for at least two reasons. First, Plaintiffs have requested sanctions in an entirely perfunctory manner. The only authority they cite is a single unpublished district court opinion from Delaware standing for the proposition that a finding of bad faith may not be necessary to an award of discovery sanctions. (Doc. 104 at 9.) Plaintiffs do not even specify under which subsection of Rule 37 they request sanctions. This passing assertion flouts Local Rule 3.01(a)'s requirement that "[a] motion must include . . . a legal memorandum supporting the request."

More to the point, Plaintiffs fail to clearly identify any sanctionable conduct beyond vague and conclusory assertions. A party must supplement or correct a discovery response "in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). According to Plaintiffs, the JRW Defendants supplemented their discovery response on April 4, 2022. (Doc. 104 at 5.) Such a supplement, whether viewed under the original CMSO (Doc. 31) or the operative CMSO (Doc. 126), was well before any discovery deadline. Nor do Plaintiffs identify a violation of any order specifically compelling the JRW Defendants to produce this discovery. Simply put, while the JRW Defendants could have been more diligent in their production, Plaintiffs' premature summary judgment motion does not now convert such action to sanctionable conduct. Thus, the Court declines to grant sanctions at this time.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Supplement Plaintiff's [sic] Amended Motion for Summary Judgment (Doc. 104) is **GRANTED IN PART** as follows.

2. The pending cross-motions for summary judgment (Doc. 65, 74) are **DENIED WITHOUT PREJUDICE** to the parties' ability to refile their motions.  The Court **strongly encourages** the parties to wait until the close of discovery before filing their dispositive motions and **notes that it is not inclined to grant leave to file amended motions for summary judgment in the future absent exigent circumstances**.

3. Plaintiffs' motion (Doc. 104) is **DENIED** to the extent it seeks any greater or different relief than this Order grants.

**ORDERED** at Fort Myers, Florida, on September 6, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE